828 F.2d 117
 8 Fed.R.Serv.3d 1216, 19 Soc.Sec.Rep.Ser. 16,
Unempl.Ins.Rep. CCH 17,543
 WILKERSON, William, Gardner, Robert J., Smith, William E.,
on Behalf of themselves and all others similarly situated
v.
Otis R. BOWEN, Secretary of Health and Human Services.
Appeal of William WILKERSON, Robert J. Gardner, William E.
Smith, on Behalf of themselves and all others similarly
situated, proposed intervenors, William Patterson, Paul
Bradley, Reather Beaufort, Freddie Postell, Francis
Marchesano, Walter Beard, Charles Glenn and Donald Dalessio,
and the members of the proposed class of plaintiffs.
 No. 86-1714.
 United States Court of Appeals,
Third Circuit.
 Argued June 15, 1987.
Decided Aug. 31, 1987.
 
 Jonathan M. Stein, Community Legal Services, Inc., Philadelphia, Pa., James M. Lafferty (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellants and their class.
 William Kanter, Frank A. Rosenfeld (argued), U.S. Dept. of Justice, Civ. Div., Appellate Staff, Washington, D.C., Michael Leonard, Dept. of Health and Human Services, Office of Regional Atty., Philadelphia, Pa., for appellee.
 Before SEITZ and MANSMANN, Circuit Judges, and DEBEVOISE, District Judge.*
 OPINION OF THE COURT
 DEBEVOISE, District Judge.
 Appellants appeal from an order of the district court denying their motions for intervention, for class certification and for a preliminary and permanent injunction and dismissing their complaint. We have jurisdiction under 28 U.S.C. Secs. 1291 and 1292(a)(1) and under 42 U.S.C. Sec. 405(g).
 I. Background
 The object of the proceedings in the district court was to challenge regulations of the Secretary of Health and Human Services (the "Secretary") for evaluating disability claims based on alcoholism. In essence appellants assert that the regulations constitute "nonacquiescence" in the law of this circuit embodied in Purter v. Heckler, 771 F.2d 682 (3d Cir.1985) and McShea v. Schweiker, 700 F.2d 117 (3d Cir.1983) and, further, represent a failure to apply the mandates of the Social Security Disability Benefits Reform Act of 1984.
 The original plaintiffs (William Wilkerson, Robert J. Gardner and William E. Smith), who had been denied disability benefits, filed a class action on June 6, 1984 seeking declaratory and injunctive relief. After plaintiffs moved for class certification and summary judgment, their cases were remanded to the Secretary for payment of benefits. William Patterson, who had been denied SSI disability benefits and who was awaiting a hearing before an ALJ, moved to intervene so as to carry on representation of the class of plaintiffs. The Secretary moved to dismiss the action. Before the district court decided Patterson's and the Secretary's motions, an ALJ awarded Patterson benefits.
 The district court concluded that neither the three plaintiffs nor Patterson, the applicant for intervention, was in a position to represent the proposed class adequately "because their claims for disability benefits, unlike those of members of the proposed class, have been satisfied." In an order dated June 24, 1986 the court: (i) dismissed Wilkerson, Gardner and Smith, (ii) denied Patterson's motion to intervene, (iii) allowed members of the proposed class to seek intervention as plaintiffs within 30 days and (iv) declared that the court did not have jurisdiction over claims of proposed class members who failed to institute a court action within 60 days of a final decision of the Secretary or who had failed to exhaust their administrative remedies.
 Thereafter seven persons moved to intervene, all of whom had alcohol related disability claims. At the time he moved to intervene, Freddie Postell's action seeking reversal of the Secretary's adverse disability decision was pending in the district court, but before his motion was heard the district court remanded his claim to the Secretary for reconsideration. The disability claims of the six remaining proposed intervenors had been denied at the time they filed their intervention motions, but they had not exhausted their administrative remedies. In addition to filing intervention motions, plaintiffs moved for a preliminary injunction.
 On November 3, 1986 the district court filed a memorandum opinion and order denying the motions for intervention, denying the motions for class certification and for a preliminary and permanent injunction and dismissing the complaint.
 The district court ruled that proposed intervenors Freddie Postell, Paul Bradley and Reather Beaufort had not shown that they would be irreparably injured if they were required to exhaust their administrative remedies, and consequently the exhaustion requirement could not be excused. This finding resulted in denial of their intervention motions. The district court denied the motions to intervene of Francis Marchesano, Walter Beard, Charles Glenn and Donald Dalessio for failing to establish a basis for waiving the exhaustion requirement and on the additional ground that they did not file their motions within the time specified in the court's order. The court concluded that failure of a suitable class representative to intervene required denial of the class certification motion and that the lack of a plaintiff with standing to maintain the action required dismissal of the complaint and denial of the motion for injunctive relief as moot. This appeal followed.
 The effect to be given to an award of benefits to putative class representatives and circumstances which require a waiver of the exhaustion requirement raise questions of law. Therefore, the standard of review is plenary. We conclude that the award of benefits to the three original plaintiffs and to proposed intervenor Patterson did not preclude them from serving fairly and adequately as class representatives. We also conclude that in the circumstances of this action the requirement that the proposed intervenors exhaust their remedies should have been deemed waived.[1]
 II. Adequate Representation
 During the pendency of this action the Secretary on remand allowed the disability claims of the three original plaintiffs and of proposed intervenor Patterson. In order to determine whether the allowance of plaintiffs' and Patterson's disability claims rendered them incapable of representing the proposed class[2] it is necessary first to delineate the nature of the cause of action they assert. In McShea this court held that "alcoholism, either alone or combined with other causes, can constitute a compensable disability 'if it prevents a claimant from engaging in substantial gainful employment.' " 700 F.2d at 119. It rejected the position of the ALJ "that if he found no objective physical impairment resulting from alcoholism, the inquiry was ended." Id. at 119. Notwithstanding the clear holding of McShea and of cases in other circuits applying the same rule, e.g., Griffis v. Weinberger, 509 F.2d 837, 838 (9th Cir.1975) the Secretary appeared to pursue a policy of "nonacquiescence", continuing to insist that alcoholism could not be a basis for a finding of disability unless it was accompanied by severe physical or mental impairment, e.g. Purter v. Heckler, supra, at 697, 698.
 Section 5(a) of the Social Security Disability Benefits Reform Act of 1984 directed the Secretary to "revise the criteria embodied under the category 'Mental Disorders' in the 'Listing of Impairments' ... under Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations",[3] and further directed that "(t)he revised criteria and listings, alone and in combination with assessments of the residual functional capacity of the individual involved, shall be designed to realistically evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive workplace environment." 42 U.S.C. Sec. 421 note (Supp.1986). At the time of enactment of the 1984 Reform Act the "Mental Disorder" listings, set forth in Sec. 12.00, et seq. of Appendix 1 to Subpart P of Part 404 of Title 20, C.F.R., encompassed alcoholism.
 Responding to this legislative mandate the Secretary promulgated a Listing of Impairments for Substance Addiction Disorders, including alcoholism. 50 Fed.Reg. 35038, 35069 (Aug. 28, 1985). It is plaintiffs' contention that this listing and related regulations for evaluating alcoholism claims conflict with McShea in that they still require that alcoholism be accompanied by behavioral or physical changes before a finding of disabled will be made. It is also plaintiffs' contention that the Secretary has violated the mandate of the 1984 Reform Act by failing to revise the Substance Addiction Disorders Listing to provide for a realistic evaluation of alcoholism reflecting contemporary medical findings.
 The effect of the district court's dismissal of the complaint is to preclude plaintiffs, who have been awarded disability benefits, from challenging the regulations pursuant to which the benefits were awarded either individually or as members of a class. As the district court correctly noted the question of plaintiffs' right to pursue their claim as class representatives is governed by U.S. Parole Com'n v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). In that case the plaintiff challenged parole guidelines and sought to represent a class consisting of prison inmates eligible for parole. The district court granted summary judgment adverse to plaintiff and denied class certification. Pending a decision on his appeal to the court of appeals, plaintiff was released from prison. The court of appeals concluded that the litigation was not moot, reversed the judgment of the district court and remanded.
 
 
 1
 The Supreme Court held "that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's claim, even though class certification has been denied." 445 U.S. at 404, 100 S.Ct. at 1212. Despite the fact that the plaintiff no longer had a direct personal stake in the litigation, the Court concluded that as a class representative he still would have an interest in vigorously advocating the class position. See also Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).
 
 
 2
 It would seem to us that the principle espoused in Geraghty is applicable whether the particular claim of the proposed class plaintiff is resolved while a class certification motion is pending in the district court (as in the present case) or while an appeal from denial of a class certification motion is pending in the court of appeals (as in Geraghty ). In neither event is the plaintiff automatically disqualified from being a class representative and the question still must be decided whether, all other factors being considered, the plaintiff can fairly and adequately represent the class and meet the other requirements of Fed.R.Civ.P. 23.[4]
 
 
 3
 Therefore in the present case it was error to dismiss as to Wilkerson, Gardner and Smith and to deny Patterson's motion to intervene because their claims for disability benefits had been satisfied. That development, by itself, did not render their representation of the class inadequate. The June 24, 1986 order of the district court will be reversed in this respect. On remand the court will be required to address the question whether in light of all the other circumstances plaintiff can fairly and adequately represent the class and whether the other requirements of Rule 23 are met.
 
 III. Exhaustion
 
 4
 The district court denied the Postell, Bradley and Beaufort motions to intervene because they had not exhausted their administrative remedies and had not met the irreparable injury test set forth in Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).
 
 
 5
 As the district court noted, Bowen governs the exhaustion question. In that case some of the members of a class challenging procedures used by the Social Security Administration had failed to exhaust the administrative remedies provided for in the statute and regulations and still available to them when the class action complaint was filed. The Court held that the Secretary must be deemed to have waived the exhaustion requirement when the challenge to his or her action is "entirely collateral to [a] substantive claim of entitlement" and the claimants "would be irreparably injured were the exhaustion requirement ... enforced against them." 106 S.Ct. at 2031, 2032.
 
 
 6
 Plaintiffs in the present action do not direct their challenge to the particular decisions in their individual cases. Rather, they challenge the Secretary's alleged policy of not following the law in this circuit concerning disability claims based on alcoholism, and they challenge the manner in which the Secretary has implemented the Mental Disorders provision of the Social Security Disability Benefits Reform Act of 1984. These claims are collateral within the meaning of Bowen. The district court reached the same conclusion.
 
 
 7
 The district court, however, ruled that the proposed intervenors had not shown that they would be irreparably injured if they were required to exhaust their administrative remedies and accordingly did not meet the second Bowen criterion for waiver of exhaustion.
 
 
 8
 As noted in Bowen, "[t]he ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the Eldridge [424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ] factors, but should also be guided by the policies underlying the exhaustion requirement. The purposes of exhaustion would not be served by requiring these class members to exhaust administrative remedies. This case is materially distinguishable from one in which a claimant sues in district court, alleging mere deviation from the applicable regulations in his particular administrative proceeding." 106 S.Ct. at 2032. Bowen concerned "a system-wide, unrevealed policy that was inconsistent in critically important ways with established regulations." 106 S.Ct. at 2032.
 
 
 9
 So, too, in the present case plaintiffs allege a system-wide policy of ignoring binding court precedent and a legislative mandate. In such a circumstance the policies underlying the exhaustion requirement are not disserved by granting Postell's, Bradley's and Beaufort's motions to intervene.
 
 
 10
 These three proposed intervenors have described by affidavit the kinds of injuries they are likely to incur if they are not allowed to intervene, and it is reasonable to conclude that members of the class whom they seek to represent will suffer similar injuries. They have serious medical problems of a physical and emotional nature; they subsist on minimal payments from the Pennsylvania Department of Public Welfare; they lack many basic necessities, all of which exacerbates their impaired condition. The injuries are of the kind which Bowen found to be irreparable, and therefore exhaustion of administrative remedies should have been deemed waived and their motions to intervene should have been granted.[5]
 
 
 11
 The district court's conclusion that all the intervention motions should be denied led to the other determinations embodied in the November 3, 1986 order, namely, (i) denial of the motion for class certification since no suitable class representative intervened, (ii) dismissal of the complaint since no plaintiff remained in the action, and (iii) denial of plaintiffs' motion for a preliminary and permanent injunction since, without any parties to the action the request for relief was moot. Having concluded that the motions of three of the proposed intervenors should have been granted, the basis for the remainder of the November 3, 1986 order falls.
 
 IV. Conclusion
 
 12
 The June 24, 1986 order will be reversed to the extent that (i) it dismissed plaintiffs Wilkerson, Gardner and Smith, (ii) it denied Patterson's motion to intervene, and (iii) it declared the court had no jurisdiction over putative class members who had failed to exhaust their remedies. The balance of the order is affirmed.
 
 
 13
 The November 3, 1986 order will be reversed to the extent that (i) it denied Bradley's, Beaufort's and Postell's motions to intervene, (ii) it denied plaintiffs' motions for class certification and for a preliminary and permanent injunction, and (iii) it dismissed the complaint. It will be affirmed to the extent it denied the intervention motions of Marchesano, Beard, Glenn, and Dalessio and to the extent it denied Postell's motion to consolidate his appeal from the Secretary's denial of his disability claim with the class action.[6]
 
 
 14
 The case will be remanded for further proceedings consistent with this opinion, including a determination of plaintiffs' motion for class certification and a decision on the merits of plaintiffs' motion for a preliminary and permanent injunction.
 
 
 
 *
 Honorable Dickinson R. Debevoise of the United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 It was not an abuse of discretion to deny the motions to intervene which Marchesano, Beard, Glenn and Dalessio filed out of time. To that extent the judgment of the district court will be affirmed
 
 
 [2]
 The requested class, as set forth in plaintiffs' August 3, 1984 motion for certification of a class, was defined as follows:
 All individuals suffering from medically determined and significant alcoholism, who reside in the area encompassing the Third Circuit Court of Appeals, whose Social Security Disability Insurance benefits and/or Supplemental Security Income (SSI) benefits the Social Security Administration has considered or is presently considering denying or terminating on the basis that the alcoholism is not disabling.
 
 
 [3]
 Under SSA regulations meeting or equaling a "listed impairment leads to a finding of disability without considering age, education and work experience," 20 C.F.R. Sec. 404.1520(d); the "listed" impairment is "considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. Sec. 404.1525(a)
 
 
 [4]
 It should be noted that plaintiffs in the present case, unlike the Geraghty plaintiff, do have a continuing personal stake in this litigation. Although their disability claims have been allowed, their status is subject to periodic review, 42 U.S.C. Sec. 421(i). They have an interest in having the correct legal standards applied when any such review is conducted
 
 
 [5]
 In Bowen the Court considered a jurisdictional challenge to two groups of claimants: those who failed to bring a court action within 60 days of a final decision of the Secretary, and those who failed to exhaust administrative remedies. Similarly, plaintiffs in the instant case sought to represent claimants in both categories
 Referring to the first category of claimants in the present case, the district court concluded that unlike Bowen, "the complaint contains no allegations that the Government engaged in secretive conduct which prevented class members from knowing of a violation of their rights and no other argument has been made in favor of an equitable tolling of the sixty day period * * * ".
 Only the question of jurisdiction over claims of those who failed to exhaust their remedies has been argued on this appeal. We see no reason to disturb the district court's holding that the class may not include persons whose denials had become final more than 60 days prior to the filing of the complaint in this case.
 
 
 [6]
 On remand the district court, of course, is not precluded from reconsidering Postell's motion to consolidate if the court believes circumstances make it appropriate to do so