**Felicita CARTAGENA, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 01–2812.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 7, 2002.

Filed Feb. 28, 2002.

Before SLOVITER, AMBRO, Circuit Judges, and SHADUR, District Judge.

## MEMORANDUM OPINION
## OF THE COURT

SLOVITER, Circuit Judge.

Felicita Cartagena appeals the District Court's order affirming the denial by the Commissioner of Social Security ("Commissioner") of her application for Social Security disability benefits. Cartagena argues that the Administrative Law Judge ("ALJ") improperly applied the fifth step of the sequential evaluation in determining disability and that the ALJ failed to consider her subjective complaints.

### I.

On February 9, 1996, Cartagena applied for Supplemental Security Income ("SSI") benefits, claiming disability due to hypertension, asthma, lupus, back pain, and carpal tunnel syndrome. Her application was denied by the Commissioner as was her request for reconsideration. Thereafter, Cartagena requested a hearing before an ALJ, who denied Cartagena's application following a hearing. Cartagena's request for review to the Appeals Council was denied, rendering the decision of the ALJ final.

Cartagena filed suit in the United States District Court for the District of New Jersey challenging the Commissioner's decision. The District Court affirmed, holding that the decision of the ALJ to deny the application of Cartagena for SSI Benefits was supported by substantial evidence. This timely appeal followed.

### II.

This Court reviews the factual findings of the Commissioner only to decide whether there is substantial evidence in the administrative record to support the findings. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); 42 U.S.C. § 405(g) (2001). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.1995)). Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999). Review of the Commissioner's application of law is plenary. *Wilkerson v. Bowen*, 828 F.2d 117, 119 (3d Cir.1987).

The Commissioner has set forth a five-step sequential analysis in determining disability for SSI benefits. 20 C.F.R. § 416.920 (2001). Specifically, the Commissioner must determine whether: (1) the claimant is currently engaging in substantial gainful activity, (2) the claimant is suffering from a severe impairment, (3) the impairment is a "listed impairment" that the Commissioner acknowledges as so severe to prevent substantial gainful activity, (4) claimant possesses the residual functional capacity to perform work accomplished in the past, and (5) claimant is capable of performing other available work. *Id.* If the Commissioner concludes that the claimant is or is not disabled at any point during the analysis, the Commissioner does not review the claim any further. *Id.*

Cartagena argues that the ALJ erred in the application of the fifth step of the sequential process. With step five of the process, the burden of proof is on the Commissioner to prove that the claimant is capable of performing other available work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Prior to 1978, the Commissioner used vocational experts in the fifth step to determine whether suitable jobs existed in the national economy for a claimant. *Sykes*,

228 F.3d at 263. However, in 1978, the Commission instituted "medical-vocational guidelines, or grids," to determine suitable jobs in the national economy for claimants with exertional impairments. *Id.* The grids consider physical ability, age, education, and work experience in identifying the types and numbers of jobs available to the claimant. *Id.*

In examining whether Cartagena was capable of performing other available work, the ALJ found that Cartagena was a person approaching advanced age with a limited education, had no relevant past work, and had the exertional capacity to perform medium work. The ALJ specifically found no non-exertional limitations which would significantly hinder Cartagena's ability to perform medium work effectively. Thus, the ALJ applied Cartagena's exertional residual functional capacity to perform medium work activity to the appropriate grid and concluded that Cartagena was not disabled within the meaning of the Social Security Act.

■ Cartagena contends that after the ALJ determined her exertional residual functional capacity, she was required to call a vocational expert to assess any restrictions caused by Cartagena's non-exertional limitations. Cartagena argues that the ALJ recognized several non-exertional impairments, including obstructive lung disease, carpal tunnel syndrome, lupus and chronic hypertension, yet erroneously concluded that these non-exertional impairments resulted in no non-exertional restrictions. Thus, Cartagena argues that the ALJ's finding of non-disability cannot be sustained by substantial evidence because the ALJ erroneously based her decision on the unsubstantiated finding that no non-exertional restrictions existed.

A claimant's impairments may cause limitations in his/her ability to meet certain demands of the job. 20 C.F.R. § 416.969a(a). Limitations are exertional if they affect the ability to meet the strength demands of a job. *Id.* Exertional limitations include sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. § 416.969a(b). Limitations other than strength demands are considered non-exertional. Non-exertional limitations include difficulty functioning due to depression, difficulty maintaining concentration, difficulty seeing, and difficulty crouching. 20 C.F.R. § 416.969a(c).

Cartagena relies on Sykes, where we held that the grids cannot automatically establish that there are jobs in the national economy for someone suffering from both severe exertional and non-exertional impairments. 228 F.3d at 267. However, when the claimant suffers only from exertional impairments, a determination of disability is possible by applying the grids without reference to additional evidence. *Id.* at 269.

There is substantial evidence in the record to support the ALJ's application of the grids and determination that no non-exertional limitations existed to further limit Cartagena's ability to perform the full range of medium work. A state agency physician, Dr. Mitri, concluded that Cartagena could lift fifty pounds and could sit, stand, or walk for six hours out of an eight hour day, and that she could push and pull without limitation and suffered from no non-exertional postural, communicative, or environmental limitations.

The ALJ's finding that Cartagena retained the residual functional capacity for medium work absent non-exertional limitations is supported by the objective medical evidence in the record. Cartagena's hypertension is controlled with medication and, despite her claims of disabling back pain, she has never been hospitalized or undergone surgery for the condition. She

was treated for her claimed disabling lupus only on three occasions but has not sought treatment after June 1996. The record is devoid of treatment or prognosis records for her claimed disabling carpal tunnel syndrome. There is thus substantial evidence to support the ALJ's finding that Cartagena retained the residual functional capacity for medium work absent any obvious non-exertional limitations, and determining, after applying the grids, that Cartagena was not disabled under the Act.

As her second point, Cartagena argues that "the ALJ did not engage in the mandatory evaluation of appellant's subjective complaints." Appellant's Br. at 14.

This court has set the following standard for the Commissioner when confronted with subjective complaints of pain:

(1) that subjective complaints of pain be seriously considered, even where not fully confirmed by the objective medical evidence; (2) that subjective pain may support a claim for disability benefits and may be disabling; (3) that where such complaints are supported by medical evidence, they should be given great weight; and (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence.

*Green v. Schweiker,* 749 F.2d 1066, 1068 (3d Cir.1984) (citations and quotations omitted).

Where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount the claimant's pain without contrary medical evidence. *Id.* at 1070. In this case, the ALJ thoroughly considered the subjective complaints of Cartagena and determined that the objective medical evidence did not support the subjective complaints of the claimant. The ALJ concluded that: "Although medical evidence reveals impair-

ments that could have reasonably caused the symptoms alleged, claimant's symptoms were not of such intensity, frequency, or duration as to preclude substantial gainful activity." App. at 53. The ALJ reviewed Cartagena's allegations of disabling back pain, hypertension, lupus and carpal tunnel and showed how they were unsupported by the record.

The ALJ's findings were comprehensive and analytic and the ALJ identified and provided reasons for the evidence she rejected. The ALJ's conclusion that "the subjective complaints of the claimant are not credible considering the objective medical evidence, the conservative treatment of the claimant and her daily living activities," App. at 54, finds adequate support in the record.

### III.

For the reasons set forth, we will affirm the decision of the District Court affirming the final determination of the Commissioner.