**James R. WORLEY, Plaintiff-Appellant,**

**v.**

**Patricia Roberts HARRIS, Secretary of the Department of Health, Education and Welfare, Defendant-Appellee.**

**No. 80–3224.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1981.

Decided Jan. 25, 1982.

Richard A. Sly, Bloom, Ruben, Marandas, & Sly, Portland, Or., for plaintiff-appellant.

Richard H. Wetmore, Seattle, Wash., for defendant-appellee.

Before KILKENNY and GOODWIN, Circuit Judges, and PRICE,* District Judge.

KILKENNY, Circuit Judge:

Appellant brought an action under 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health, Education & Welfare. The district court dismissed the action, finding that the Secretary had correctly applied the law and that there was substantial evidence to support the Secretary's decision. We affirm.

## FACTUAL BACKGROUND

Appellant is now 62 years old. He injured his back in October, 1973, while working for a construction company. The Oregon Workers' Compensation Board (Board) awarded appellant temporary-total disability benefits, which were paid periodically starting in December, 1973. When appellant recuperated from back surgery, his doctor released him for work and he returned to his former job in May, 1974. The Board later converted his compensation benefits to the permanent-partial category in the same amount.

In November of 1974, while working around his home, appellant reinjured his

back. This aggravation of the earlier back injury necessitated further surgery. Appellant has not worked since November, 1974.

In February, 1975, appellant applied for Social Security disability benefits, alleging an onset date of November, 1974. In his application, appellant listed the amount of his continuing Workers' Compensation payments, which the Board had once again converted to the temporary-total category. When appellant's claim was approved on reconsideration in August, 1975, payment of his benefits was computed under 42 U.S.C. § 424a, the "workmen's compensation offset" provision for reducing Social Security disability benefits.

Meanwhile, United Pacific Insurance, the compensation carrier for appellant's employer, disputed its liability for the results of the November, 1974, injury as not being work-related. This dispute ended in July, 1977, when all parties signed a stipulation and order, which was approved by the Board. Under its terms, the carrier paid appellant a lump-sum of $33,000.00.

When this lump-sum payment was reported to the Social Security Administration, a recomputation of appellant's disability benefits, pursuant to 42 U.S.C. § 424a(b), prorated the lump-sum over the years remaining before appellant attained age 62, the statutory limit for imposing the offset. This resulted in a further reduction of appellant's disability benefits. Appellant objected and, when a reconsideration determination approved the offset-reduction, sought a hearing before an Administrative Law Judge (ALJ).

Appellant and his attorney appeared at a hearing in June, 1978. The ALJ's decision upheld the action prorating the lump-sum compensation payment and offsetting it against the disability benefits. Appellant argued that he had relied on statements from the local Social Security office that such a lump-sum payment would not reduce his disability benefits. The ALJ rejected this argument. Appellant also contended

---

* The Honorable E. Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

that his wife had some interest in the lump-sum payment. The ALJ deducted $1,000.00 and authorized the offset to be calculated on an amount of only $32,000.00.

The Appeals Council affirmed the ALJ's decision except as to the "spousal deduction" of $1,000.00. The final decision of the Secretary found that the entire $33,000.00 lump-sum workers' compensation award must be prorated and offset against appellant's disability benefits until appellant attained the age of 62.

## DISCUSSION

### I.

Although a reviewing court must uphold the ALJ's findings of fact when they are based on substantial evidence, the court has a broad scope of review in determining whether the Secretary applied the proper standard of law. *Benitez v. Califano*, 573 F.2d 653, 655 (CA9 1978).

The Social Security Act provides for reduction of a disability beneficiary's Social Security payments for any month in which "such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability...." 42 U.S.C. § 424a(a). The Act further provides that:

"If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (*excluding a benefit as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments*), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as possible the reduction prescribed by subsection (a) of this section." [Emphasis added] 42 U.S.C. § 424a(b).

Appellant contends that the lump-sum payment made to him under the 1977 stipulation agreement was not "a commutation of, or substitute for, periodic payment" within the meaning of the statute and that, therefore, the Secretary erred in prorating

and offsetting it against his disability benefits. In the alternative, he argues that these offset provisions violate the Due Process Clause of the Fifth Amendment.

■ Appellant contends that the 1977 stipulation was a private agreement outside of the sphere of the workers' compensation system and outside of the scope of 42 U.S.C. § 424a. His attempted distinction is meritless. Appellant simply ignores the context in which the stipulation arose. Appellant's employer's insurance carrier had been paying him periodic compensation benefits for his October, 1973, industrial injury. Appellant claimed an aggravation of that injury in November of 1974. The carrier disputed its further liability. The parties reached a compromise evidenced by the stipulation agreement. Clause 4 of the stipulation states that it was executed "to compromise and settle the claim and all contentions therein involved" by "the carrier paying $33,000 to claimant in a lump sum by way of a disputed claim *in lieu of any further benefits*." [Emphasis added] Regardless of how this amount was determined, appellant clearly intended to surrender his claim to future periodic payments in return for the payment of this lump-sum.

We hold that the record adequately supports the findings of the lower court that the lump-sum payment was a "substitute for" any periodic payments to which appellant would have been entitled had he been able to establish that his continuing back problems were the result of his original on-the-job injury. The lump-sum payment was within the scope of 42 U.S.C. § 424a, and, therefore, it was not error for the Secretary to prorate and offset it against appellant's disability benefits.

■ Appellant's constitutional argument is completely without merit. This argument was specifically rejected by the Supreme Court in *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). *See also, Lofty v. Richardson*, 440 F.2d 1144 (CA6 1971), *cert. denied*, 404 U.S. 985, 92 S.Ct. 443, 30 L.Ed.2d 369.

## II.

Appellant next claims that it "would be only just" that this case be remanded so that he may have the opportunity to develop evidence that there have been and are likely to be future medical expenses which must be paid from his lump-sum settlement. He argues that this would entitle him to a reduction in his offset by virtue of 20 C.F.R. § 404.408(d). In taking this posture, he misconstrues the nature of his settlement and the applicability of the aforementioned regulation. That regulation, in relevant part, reads:

"(d) *Items not counted for reduction.* Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with his workmen's compensation claim, or the injury or occupational disease on which his workmen's compensation award or settlement agreement is based, are excluded in computing the reduction under paragraph (a) of this section to the extent that they are consonant with State law."

Thus, if part of the $33,000.00 settlement included an amount allocated to future medical expenses, the total offset would have to be reduced accordingly. The plain wording of the settlement agreement, however, shows that this was not the case. Clause 5 of the agreement states: "That claimant shall be responsible for any future medical billings and that he shall defend and hold the employer and carrier harmless therefrom."

Under the terms of the agreement, the appellant assumed the cost of his future medical care. The $33,000.00 was not intended to include a future medical expense component, and, therefore, appellant is not entitled to a reduction in the offset.

Appellant again focuses on 20 C.F.R. § 404.408(d) when he argues that the case should be remanded to obtain further evidence regarding the extent to which his wife is entitled to a portion of his lump-sum settlement. He contends that since a portion of the settlement was in exchange for a waiver of his wife's rights, that portion should be considered separate from his, with the offset being reduced accordingly.

Once again, appellant misreads the above quoted regulation. This regulation speaks of "medical, legal, or related expenses in connection with his workmen's compensation claim." Although we concede that appellant's wife surrendered something of value when she signed the agreement, we cannot construe this surrender as being a "medical, legal, or related" expense in connection with appellant's workmen's compensation claim. Whatever the portion of the $33,000.00 settlement allocable to appellant's wife may be, it simply falls outside of the scope of 20 C.F.R. § 404.408(d).

We agree, however, that Congress could not have intended that a person's disability benefits be offset by money that is not actually his. Appellant had the burden of proving that some specific amount of the lump-sum settlement was to settle all claims of his wife. He failed to prove any amount, and the Secretary is under no duty to assign any amount to a speculative and unliquidated claim by a spouse. This part of appellant's claim simply fails as a failure of proof.

## III.

Finally, appellant argues that the Secretary should be estopped from enforcing the workmen's compensation offset because of alleged statements made to appellant by his local Social Security office that the lump-sum payment would not reduce his disability benefits. This argument is without merit. In *United States v. Lazy FC Ranch*, 481 F.2d 985, 989 (CA9 1973), we stated that "estoppel is available as a defense against the government if the government's wrongful conduct threatened to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel." *See also, Simon v. Califano*, 593 F.2d 121, 123 (CA9 1979). Despite appellant's protestations, this is clearly not the case here. In addition, the Supreme Court has recently reemphasized that the courts are under a duty "to observe the conditions defined by Con-

gress for charging the public treasury." *Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1469, 1471, 67 L.Ed.2d 685, 689 (1981). Congress has specifically created this offset of disability benefits in 42 U.S.C. § 424a. The doctrine of equitable estoppel may not be used to contradict a clear Congressional mandate.

## CONCLUSION

The judgment of the lower court must be affirmed.

IT IS SO ORDERED.