28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy MAYS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-55576.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 24, 1994.
 
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Mays appeals the district court's decision affirming the final decision of the Secretary of Health and Human Services ("Secretary") that Mays's social security disability insurance benefits were subject to offset based on his simultaneous receipt of state workers' compensation benefits.
 
 
 3
 The district court had jurisdiction pursuant to 42 U.S.C. Sec. 405(g). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 4
 The Social Security Act provides for a reduction in disability insurance benefits of an individual who is also receiving state workers' compensation benefits. See 42 U.S.C. Sec. 424(a). Specifically, Sec. 424(a) mandates that disability insurance benefits must be reduced by the amount by which the sum of disability insurance benefits and periodic benefits under a worker's compensation plan exceed 80% of the individual's "average current earnings". See id.; Worley v. Harris, 666 F.2d 417, 420 (9th Cir.1982).
 
 
 5
 However, there is an exception to this reduction in benefits. The monetary amounts paid, incurred, or to be incurred by the individual for medical expenses in connection with a claim for disability payments are excluded in computing the reduction to the extent they reflect the actual amount of medical expenses already incurred or a reasonable estimate of future medical expenses. See 20 C.F.R. Sec. 404.408(d). These medical expenses can be evidenced by the public disability award, compromise agreement, court order, or by other evidence as the Administration may require.[1] Id. "Any expenses not established by evidence required by the Administration or not reflecting a reasonable estimate of the individual's actual future expenses will not be excluded." Worley, 666 F.2d at 420.
 
 
 6
 Congress enacted the reduction in disability benefits to prevent the collection of duplicate benefits. See Richardson v. Belcher, 404 U.S. 78, 82-83 (1971); Hatch v. Heckler, 626 F.Supp. 1367, 1371 (N.D.Cal.1986). "[I]f the workers' compensation award, or settlement, represents benefits on account of the worker's disability, the federal disability payments will be reduced pro tanto. However, to the extent the workers' compensation benefits defray medical expenses, there is no duplication with federal disability benefits and those benefits therefore are excluded from offset." Id. at 1372.
 
 
 7
 Mays argues that his reduction was excessive because his past and estimated future medical expenses are greater than the $3,000 contained in the workers' compensation settlement papers. This argument is without merit. Section 404.408(d) explicitly permits the ALJ to rely on the compromise agreement or public disability award in determining the amount of award intended to compensate a claimant for his medical expenses. See Worley, 666 F.2d at 421 (examining language of settlement agreement to determine what portion was allocated to future medical expenses); Hatch, 626 F.Supp. at 1371 (same); Justus v. Shalala, 817 F.Supp. 29, 31-32 (W.D.Va.1993) (same). Here, Mays's settlement agreement explicitly provides for $3,000 in future medical expenses and the SSA, in accordance with Sec. 404.408(d), excluded this amount from offset. Mays failed to provide evidence that any portion of the settlement other than the $3,000 was intended to cover medical expenses and therefore the resulting reduction in benefits was correctly calculated by the SSA. See Worley, 666 F.2d at 421 (refusing to permit claimant to develop evidence regarding past and future medical expenses because the lump sum award was not intended to cover medical care); Iglinsky v. Richardson, 433 F.2d 405, 408 (5th Cir.1970) ("No part of [claimant's] workmen's compensation award was specifically for medical expenses; thus no part of the award may be excluded from the offset.").
 
 
 8
 Additionally, the ALJ correctly found that Mays failed to provide clear and convincing evidence that the amount of past and future medical expenses, excluding the amount paid by third parties (eg. insurance, Medicare), see Vaughn v. Mathews, SSR 76-34c (S.D. Ohio 2-18-76) (medical expenses covered by Medicare were not "incurred" by claimant and thus could not be excluded from the reduction computation), will exceed the $3,000 figure utilized in the workers' compensation award. We reject Mays's claim because substantial evidence exists to support the reduction calculation and because the Secretary applied the proper legal standards.
 
 II.
 
 9
 Mays argues that the Secretary erred in failing to prorate the lump sum workers' compensation award over his lifetime. The Secretary's Program Operation Manual (POMS) establishes the Secretary's method for proration of lump sum awards. POMS states that:
 
 
 10
 The priority for establishing weekly rates is as follows:
 
 
 11
 1. The rate specified in the lump sum award. If the award specifies a rate based on life expectancy list the case under code 557.
 
 
 12
 2. The periodic rate paid prior to the lump sum if no rate is specified in the lump sum award.
 
 
 13
 See POMS, DI 11501.235C.
 
 
 14
 Here, the $70 per week proration rate used by the Secretary was based on the temporary rate Mays had been receiving prior to the lump sum settlement. This method of calculation adheres to the general policy of prorating the workers' compensation settlement at the periodic rate paid prior to the lump sum award if no rate is specified in the actual award. Courts have uniformly approved this method of calculation. See Harden v. U.S. Dept. of Health and Human Services, 979 F.2d 1082, 1083 (5th Cir.1992); Rodlin v. Secretary of Health and Human Services, 750 F.Supp. 146, 151 (D.N.J.1990); Mann v. Heckler, 1A Unempl.Ins.Rep. (CCH) p 16,952 (D.Me. Mar. 17, 1986), aff'd, 802 F.2d 440 (1st Cir.1986). The methodology and amount chosen by the Secretary was reasonable and Mays presents no compelling authority to the contrary.[2] See Chevron U.S.A. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (the "court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."). We therefore reject Mays's argument that the lump sum award was improperly prorated.[3]
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This "other evidence" may consist of: 1) a detailed statement by the individual's attorney, physician, or the employer's insurance carrier; or 2) bills, receipts, or canceled checks; or 3) other clear and convincing evidence indicating the amount of expenses; or 4) any combination of the foregoing evidence from which the amount of expenses may be determinable. See 20 C.F.R. Sec. 404.408(d)
 
 
 [2]
 The case upon which Mays relies, Sciarotta v. Bowen, 837 F.2d 135 (3rd Cir.1988), is distinguishable as the proration rate there was based on the maximum periodic rate in effect in the year of the injury rather than on previous monthly compensation payments. Id. at 141
 
 
 [3]
 Mays also argues that he is entitled to cost of living increases for the months between July 1982, when he was actually disabled, and December 1986. We reject this argument as the record clearly establishes that Mays was not entitled to any benefits until March 1986, after which he received regular cost of living increases