_____

No. 96-1769EA
_____

Jimmy P. Simmons,                    *
                                     *
          Appellant,                 *
                                     *
    v.                               *  On Appeal from the United
                                     *  States District Court
                                     *  for the Eastern District
Shirley S. Chater,                   *  of Arkansas.
Commissioner of Social               *
Security,                            *
                                     *
          Appellee.                  *

                         _____

          Submitted:  November 21, 1996

             Filed:  January 6, 1997
                         _____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and SACHS,[*]
      District Judge.
                         _____

RICHARD S. ARNOLD, Chief Judge.


     Jimmy  P.  Simmons  appeals  the  denial  of  his  application  for
Supplemental Security Income ("SSI").  The District Court[1] affirmed the
decision of the Commissioner of Social Security.  We also affirm.

_____

     *The Hon. Howard F. Sachs, United States District Judge for
the Western District of Missouri, sitting by designation.

     [1]The Hon. John F. Forster, Jr., United States Magistrate Judge
for the Eastern District of Arkansas.

In addition, since Simmons appears now to be eligible to receive SSI, we remand this case to the District Court, so that it may order the Commissioner to determine the date of Simmons's eligibility, and to pay to Simmons his monthly benefits in accordance with that eligibility, as well as any past benefits he is due.

## I.

Jimmy P. Simmons was injured in 1989 while working at a sawmill. He received $27,000 in settlement of his workers' compensation claims stemming from that injury. Because he was found incompetent to manage the funds himself, the settlement proceeds were placed in trust and distributed to him at a rate of $800 per month.

In January 1992, Simmons applied for SSI. After a hearing, an Administrative Law Judge found Simmons disabled within the meaning of the Social Security Act. 42 U.S.C. § 1382c. Simmons therefore met the initial requirement to receive SSI. 20 C.F.R. § 416.202. Simmons exceeded the income limit, however. As of the date of Simmons's hearing, the statutory income limit for an SSI recipient was $466 per month. Because his trust distribution was $800 per month, Simmons was denied benefits.

Simmons appealed to the District Court, and again to our court, arguing that the trust distribution should not have been considered "income" for purposes of determining his eligibility to receive SSI.

## II.

The regulations promulgated by the Social Security Administration ("SSA") include distributions such as those Simmons received in their definition of "income." 20 C.F.R. § 416.1121(a).

-2-

Section 416.1102 defines income as "anything you receive in cash or in kind that you can use to meet your needs for food, clothing, and shelter." Section 416.1103(a) specifically lists workers' compensation as a type of unearned income relevant to calculation of SSI eligibility.

Simmons cites three cases in support of his proposition that, since the workers' compensation settlement was at least partially intended to cover future medical expenses, it should not be counted as income for SSI purposes. None of those cases is about SSI.[2] Rather, they refer to social security disability insurance, which is governed by a wholly different set of regulations. See 20 C.F.R. Part 404. In the disability-insurance area, workers' compensation payments intended solely to pay future medical expenses are excluded from an offset--in other words, they do not count as income which would lower an applicant's social security disability payments.

Unfortunately for Simmons, this exclusion does not apply in calculating SSI eligibility. Had the trust funds been paid directly to a medical services provider, paid to Simmons by an insurer to cover expenses already incurred, or, possibly, if they had been dedicated exclusively to future medical expenses, they would not have been considered income. See 20 C.F.R. § 416.1103. Simmons testified, however, that he used his monthly disbursements for everyday living expenses. The regulations are quite clear that the SSA will consider all cash or other incoming resources that can be used to pay for food, clothing, and shelter as income when

---

[2]Simmons cites <u>Worley v. Harris</u>, 666 F.2d 417 (9th Cir. 1982), <u>Pinkston v. Schweiker</u>, No. B-C-81-91 (E.D. Ark. Feb. 24, 1983), and <u>Simmerman v. Mathews</u>, No. B-75-C-36 (E.D. Ark. Nov. 21, 1978). Inclusion of <u>Worley</u> is curious, since that decision was decidedly unfavorable to the plaintiff. In <u>Worley</u> the Ninth Circuit affirmed the offset of the plaintiff's payments by the amount of his workers' compensation payment, thus reducing the social security disability payment for which he was eligible. 666 F.2d at 420.

-3-

determining whether an applicant exceeds the statutory income limit.  Ibid.

Additionally, only $1,000 of the trust funds could be said to be spent on medical expenses of any kind.  Simmons spent that money on dental work, however; since his injury was to his back, that expense can not have been an intended "future medical expense" contemplated in his workers' compensation settlement.  Therefore, the ALJ properly considered Simmons to have a monthly income of $800, which exceeded the statutory limit then in effect for SSI applicants.  Simmons was properly denied SSI benefits in October 1994, and we affirm the District Court in that regard.

### III.

Simmons's trust fund ran out in December 1994.  Presumably his income then went to zero, and he became eligible to receive SSI.  At oral argument, the SSA agreed that Simmons should have begun receiving benefits when his trust fund ran out.  Simmons's attorney indicated that a second application, reflecting Simmons's change in income, had been filed with the SSA.

We remand to the District Court to send this case back to the Commissioner with instructions to determine the date upon which Simmons should have begun receiving SSI.  The Court shall also instruct the Commissioner to begin paying Simmons whatever SSI payments he is entitled to, and to pay him a lump sum for the payments he should have been receiving since December 1994 (if that is the appropriate date).  Counsel for the Commissioner said at the oral argument that she had no objection to such an order.

It is so ordered.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.