**Terrance DUNN, et al., Plaintiffs,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 90–124–CMW.**

United States District Court, D. Delaware.

Feb. 6, 1991.

Motion to Alter or Amend Granted March 5, 1991.

Neilson C. Himelein, Community Legal Aid Society, Inc., Wilmington, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty., Carolyn T. Greene, Asst. U.S. Atty., Wilmington, Del. (Eileen Bradley, Chief Counsel, Region III, Margaret Krecke, Asst. Regional Counsel, Office of Gen. Counsel, Philadelphia, Pa., of counsel), for defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

This is a class action [1] wherein plaintiffs [2] seek declaratory, injunctive and mandamus relief against the Secretary of Health and Human Services ("Secretary"). Plaintiffs challenge the Secretary's routine denial of requests for continued supplemental security income ("SSI") benefits during hospitalization. At bar is defendant's motion to dismiss for lack of jurisdiction and for improper venue.

### I. *Statutory Background*

The Supplemental Security Income Program (SSI),[3] established by Title XVI of the Social Security Act,[4] provides benefits to indigent disabled persons. *Bowen v. City*

---

1. Plaintiffs filed a motion for class certification on April, 17 1990; however, the parties agreed to stay that motion until defendant's motion to dismiss is decided.

2. The individual plaintiffs are Terrance Dunn and Hilton Porter, both of Wilmington, Delaware. The class consists of "all SSI recipients residing in the area encompassing the Third Circuit Court of Appeals whose benefits have been or are presently being or will be suspended during or following a recipient's temporary institutionalization, or whose benefits received during the temporary institutionalization were considered to be overpayments, based on a determination that the recipient's statement of need was either not submitted or was not submitted timely." *Complaint,* par. 6.

3. 42 U.S.C. § 1381 *et seq.*

4. 42 U.S.C. § 301 *et seq.*

*of New York,* 476 U.S. 467, 469–70, 106 S.Ct. 2022, 2024–25, 90 L.Ed.2d 462 (1986). As a general rule, SSI payments cease when a recipient is institutionalized in a public health care facility (or a private one that receives Medicaid funds), since the recipient's subsistence needs are being met at public expense. *See* 42 U.S.C. § 1382(e)(1)(A), (B). In 1987, however, Congress amended this general rule. *Omnibus Budget Reconciliation Act of 1987,* Pub.L. No. 100–203, § 9115, 101 Stat. 1330–304, 1330–305. SSI benefits continue without interruption if the recipient's institutionalization is not likely to exceed three months, and if the recipient needs his benefits in order to maintain a residence to which he might return. 42 U.S.C. § 1382(e)(1)(G). The statute further requires the Secretary to establish procedures for determining an individual's eligibility for continued benefits. These procedures "shall include the provision of appropriate assistance to individuals who, because of their physical or mental condition, are limited in their ability to furnish the information needed in connection with the making of such determinations." 42 U.S.C. § 1382(e)(1)(H).

The Secretary's eligibility procedures are set forth in the Secretary's Program Operations Manual System (POMS). According to the parties,[5] the POMS procedures require the recipient to submit a statement signed by a physician stating that institutionalization is not expected to last more than three months. The recipient, or someone on his behalf, must also provide evidence that he needs to pay the expenses of maintaining a residence to which he may return ("Statement of Need"). Both statements must be submitted by the tenth day of the month following the month of hospitalization. Under certain conditions, the Secretary will excuse late submission of the physician's statement. It will not excuse the untimely filing of the recipient's Statement of Need.[6] Plaintiffs here challenge the Secretary's policy of denying requests for continued benefits because the recipient's Statement of Need is untimely.[7]

## II. *Plaintiffs' Allegations*

Both named plaintiffs receive SSI benefits due to mental retardation and psychiatric problems. Both plaintiffs requested continued benefits during hospitalization pursuant to 42 U.S.C. § 1382(e)(1)(G). Plaintiffs' requests were denied because they were untimely under the POMS requirements.

Plaintiff Terrance Dunn was admitted to the Delaware State Hospital, a psychiatric institution, on February 9, 1989. Under the POMS procedures, Mr. Dunn's request for continued benefits was due on March 10, 1989; it was received on March 14. For some reason, the Social Security Administration ("Administration") never actually suspended plaintiff's benefits during his hospitalization.[8] Instead, on April 6, 1989 (the day after plaintiff's discharge), the Administration's District Office ("District Office") notified plaintiff that he had been overpaid. The overpayment claim was

---

**5.** No one provided the Court with a copy of the POMS which, according to the Court's research, is only available at local Social Security offices.

**6.** According to defense counsel, the Secretary has revised its POMS, effective August 13, 1990, to provide that a recipient may submit his certification of need to SSA up to the day of discharge or the 90th day of confinement, whichever is earlier. *Defendant's Brief in Support of Motion to Dismiss,* p. 5, n. 3.

**7.** Plaintiffs contend that the Secretary's procedures violate 42 U.S.C. §§ 1382(e)(1)(G), 1382(e)(1)(H) (*Complaint,* par. 20) and the Due Process Clause of the Fifth Amendment (*Complaint,* par. 21); that "by distributing binding but unpublished Social Security POMS," the Sec-

retary violated provisions of the Administrative Procedure Act regarding rule making and publication, 5 U.S.C. § 701 *et seq.* (*Complaint,* par. 22); that the POMS are arbitrary, capricious and an abuse of discretion (*Complaint,* par. 22); and that the Secretary's determinations were erroneous, contrary to law and not supported by substantial evidence (*Complaint,* par. 23).

**8.** The Secretary presumes that this was due to an administrative oversight. *Defendant's Brief in Support of Motion to Dismiss,* p. 6. However, given the allegations of the complaint and defendant's proposed policy change, the Court questions whether overpayment was in fact an administrative error, rather than the Social Security Administration's usual practice. *See Complaint,* pars. 6, 16, 17; *Defendant's Brief in Support of Motion to Dismiss,* p. 5, n. 3.

based on the Administration's conclusion that plaintiff was ineligible for benefits during hospitalization because his request for continued benefits had been filed late. *Defendant's Brief in Support of Motion to Dismiss*, Affidavit of Theodore Hassan ("Hassan Affidavit"), Exh. 1. Upon plaintiff's request for reconsideration, the District Office refused to waive the overpayment, citing the POMS filing deadline. *Defendant's Brief in Support of Motion to Dismiss*, Hassan Affidavit, Exh. 2. Plaintiff appealed to an Administrative Law Judge (ALJ) who, after a full hearing, refused to waive the overpayment because of the POMS time bar.[9] *Defendant's Brief in Support of Motion to Dismiss*, Hassan Affidavit, Exh. 4, pp. 2–4. Mr. Dunn did not appeal this decision.

Plaintiff Hilton Porter was admitted to the Delaware State Hospital on March 17, 1989. Under the POMS procedures, his request for continued benefits was due on April 10, 1989; it was received on April 12.[10] The District Office denied plaintiff's request for continued benefits as untimely. *Defendant's Brief in Support of Motion to Dismiss*, Affidavit of Wilbur J. Laub ("Laub Affidavit"), Exhibit 3. Nevertheless, it paid plaintiff's benefits in April,[11] but paid no benefits in May or June. Mr. Porter was discharged from the hospital in July.

Two months later, the District Office demanded reimbursement for its April payment since plaintiff's request for continued benefits had been denied as untimely. *De-fendant's Brief in Support of Motion to Dismiss*, Laub Affidavit, Exh. 4. Plaintiff asked the District Office to waive its reimbursement demand, claiming that Delaware State Hospital had caused his Statement of Need to be late.[12] *Defendant's Brief in Support of Motion to Dismiss*, Laub Affidavit, Exhibit 5. The District Office agreed and waived its demand for the April overpayment. It did not, however, award benefits for the other months of hospitalization.[13] Plaintiff did not seek further administrative review of the matter.

### III. Jurisdiction

The main issue raised by defendant's motion to dismiss is whether the Court has jurisdiction under 42 U.S.C. § 405(g).[14] That section provides:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. 42 U.S.C. § 405(g).

The Secretary argues there has been no "final decision" as required by 405(g) because neither named plaintiff challenged the denial of continued benefits at every administrative level.[15] Plaintiff Dunn did not request the Appeals Council to review the ALJ's decision; and plaintiff Porter did not challenge the District Office's denial of his request for benefits during May and

---

**9.** The ALJ did reduce the overpayment based on a calculation error. *Defendant's Brief in Support of Motion to Dismiss*, Hassan Affidavit, Exh. 4, pp. 2–4.

**10.** Plaintiff's Statement of Need, however, was dated April 5.

**11.** *See, supra* note 6.

**12.** Plaintiff argued that he had signed the Statement of Need on April 5, within the POMS time requirement, but that the hospital had not mailed it promptly. Mr. Porter further argued that he often was unable to understand and comply with Social Security Administration's rules and procedures because of his mental impairments.

**13.** Thus, the Secretary's claim that Mr. Porter suffers no alleged injury is without merit. Plaintiff raises the issue of whether he should have received benefits in May and June.

**14.** Plaintiffs also assert jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief) and 5 U.S.C. §§ 701–706 (Administrative Procedure Act). Plaintiff admits in briefing that these claims depend on a finding of jurisdiction under 42 U.S.C. § 405(g) and are not independent grounds for jurisdiction. *Plaintiffs' Opposition to Motion to Dismiss*, p. 18.

**15.** The Secretary has established a four-step process for the review and adjudication of disputed

June 1989. *Defendant's Brief in Support of Motion to Dismiss*, p. 10.

The "final decision" requirement

"consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be waived by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)). *Bowen v. City of New York, supra*, 476 U.S. at 483, 106 S.Ct. at 2031; *see also Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 344 (3rd Cir.1977).

The nonwaivable requirement, that the claims for benefits were presented to the Secretary, has been met.[16] The individual plaintiffs applied to the District Office for continued benefits and that Office reviewed, but denied, the applications. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (nonwaivable element satisfied where plaintiff received only the Secretary's initial determination that he was no longer disabled); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (nonwaivable element satisfied where plaintiff presented claim for benefits to the district office and, upon denial, to the Regional Office for reconsideration). The class members have also applied for continuous benefits and those applications have been, or will be, denied. *Complaint*, par. 6; *see Liberty Alliance of the Blind v. Califano, supra*, 568 F.2d at 344 (nonwaivable requirement met where class members were "Social Security In-

come recipients whose benefits [had] been reduced or terminated").

As to the waivable requirement, that claimants fully exhaust the Secretary's administrative procedures before filing suit, plaintiffs here urge that the rule of complete exhaustion be waived under the principles of *Bowen v. City of New York, supra*, 476 U.S. at 486, 106 S.Ct. at 2033, and *Mathews v. Eldridge, supra*, 424 U.S. 319, 96 S.Ct. 893. The Court agrees. While the Secretary ordinarily has discretion to decide when to waive the exhaustion requirement (*Bowen v. City of New York, supra*, 476 U.S. at 483, 106 S.Ct. at 2031), "cases may arise where deference to the agency's judgment is inappropriate." *Mathews v. Eldridge, supra*, 424 U.S. at 330, 96 S.Ct. at 900. The exhaustion requirement may be judicially waived when a claimant's challenge is "entirely collateral to a substantive claim of entitlement" and the claimant "would be irreparably injured were the exhaustion requirement ... enforced against [him]." *Bowen v. City of New York, supra*, 476 U.S. at 483–84, 106 S.Ct. at 2032; *see also Mathews v. Eldridge, supra*, 424 U.S. at 330–31, 96 S.Ct. at 900–01.

Plaintiffs here do not seek an award of benefits, but rather challenge the validity of the Secretary's procedures for assessing whether benefits should have been continued. *Complaint*, pp. 8–9; *see Bowen v. City of New York, supra*, 476 U.S. at 483, 106 S.Ct. at 2032 (class members neither sought nor were awarded benefits, but challenged the Secretary's failure to follow the applicable regulations). Even if plaintiffs prevail, they will not automatically be entitled to benefits. At most, the Secretary will be required to consider claimants' Statements of Need, previously rejected as time-barred; the Secretary may still deny plaintiffs' benefit requests for substantive

---

claims. The individual first receives the Secretary's initial determination. He may then request reconsideration of that determination and may later request a hearing before an Administrative Law Judge. He may later request review of the ALJ's decision by the Secretary's Appeals Council. *Defendant's Brief in Support of Motion to Dismiss*, p. 11, n. 6; *see also Bowen v. City of New York, supra*, 476 U.S. at 471–72, 106 S.Ct. at 2025–26.

16. The Secretary did not address this requirement in either the written briefs or in oral argument. Defendant's brief appears to admit that the nonwaivable element has been satisfied. *See Defendant's Brief in Support of Motion to Dismiss*, p. 9 (named plaintiffs received initial determinations that they were not entitled to continuation of their benefits during hospitalization).

reasons. Thus, plaintiffs' legal challenges are entirely collateral to their substantive claims for benefits. *See Bowen v. City of New York, supra,* 476 U.S. at 483, 106 S.Ct. at 2032 (challenge to internal policy that affected evaluation procedure was collateral to plaintiffs' claims for benefits); *Mathews v. Eldridge, supra,* 424 U.S. at 330–32, 96 S.Ct. at 900–01 (claim to a predeprivation hearing was entirely collateral to substantive claim of entitlement to social security benefits); *Bailey v. Sullivan,* 885 F.2d 52, 65 (3rd Cir.1989) (claims of system-wide misapplication or invalidity of Secretary's regulations were collateral to the claims for individual benefits); *Wilkerson v. Bowen,* 828 F.2d 117, 121–22 (3rd Cir. 1987) (challenges to Secretary's alleged policy for evaluating disability claims based on alcoholism were "collateral" within the meaning of *Bowen* ). The fact that the Secretary's policy had the effect of denying benefits does not transform plaintiffs' procedural challenges into substantive claims of entitlement. *See Bowen v. City of New York, supra,* 476 U.S. at 483, 106 S.Ct. at 2032 (challenge to evaluation policies that had the effect of denying benefits was collateral to claim of entitlement); *Wilkerson v. Bowen, supra,* 828 F.2d at 121–122.

Moreover, plaintiffs raise at least a colorable claim that they will suffer irreparable injury if forced to fully exhaust their administrative remedies. Plaintiffs are "aged, blind, or disabled persons" who "have limited income or resources" (*Defendant's Brief in Support of Motion to Dismiss,* p. 3; *see also* 42 U.S.C. § 1382); they are, or have recently been, institutionalized for their disabilities; they depend on SSI payments for their living arrangements; and, these payments have been or will soon be terminated. Discontinuation of benefits could plainly result in loss of shelter or delay of their hospital discharge. Furthermore, in the opinion of the Medical Director of the Delaware State Hospital, the administrative process itself, and especially a hearing, could trigger a severe psychiatric setback in some of the plaintiffs. *Plaintiffs' Opposition to Motion to Dismiss, Affidavit of Richard Winkelmayer, M.D.*

Such injuries are not ordinarily recompensable through retroactive payments.[17] *See Bowen v. City of New York, supra,* 476 U.S. at 483–84, 106 S.Ct. at 2032 (irreparable injury shown where district court found that administrative appeal process regarding the Secretary's denial of benefits could trigger a severe medical setback in plaintiffs who suffered severe mental impairments); *Mathews v. Eldridge, supra,* 424 U.S. at 331, 96 S.Ct. at 901 (plaintiff raised "at least a colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments"); *Wilkerson v. Bowen, supra,* 828 F.2d at 122 (denial of disability benefits would cause plaintiffs, who already suffered from serious medical and emotional problems, irreparable injuries).

The *Bowen* Court cautioned that "[t]he ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the *Eldridge* factors, but should be guided by the policies underlying the exhaustion requirement." *Bowen v. City of New York, supra,* 476 U.S. at 484, 106 S.Ct. at 2032.

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. *Weinberger v. Salfi, supra,* 422 U.S. at 765 [95 S.Ct. at 2467]."

■ At this point, further administrative review is unnecessary. Constitutional challenges do not require exhaustion; and, statutory challenges do not require exhaustion if they raise issues upon which the Secretary has taken a final position. *Weinberger v. Salfi, supra,* 422 U.S. at 765, 95 S.Ct. at 2466; *Rankin v. Heckler,* 761 F.2d 936, 940–41 (3rd Cir.1985); *Liber-*

---

**17.** The specific language of the Secretary's revised policy has not been offered. The Court thus refuses to find that the revised policy will not result in irreparable injuries. Moreover, the Court suspects that the revised policy delays, rather than eliminates, any such injuries.

*ty Alliance of the Blind v. Califano, supra*, 568 F.2d at 346. Such is the case here. The Secretary considered plaintiffs' legal claims in both the individual administrative proceedings and in its ongoing negotiations with opposing counsel. Nevertheless, the Secretary's position remains firm—a claimant's request for continued benefits must be denied if the Statement of Need is untimely, no matter what the circumstances;[18] the Secretary provides appropriate "assistance" under 42 U.S.C. § 1382(e)(1)(H);[19] and, publication in the POMS satisfies the Administrative Procedure Act.

Further administrative review would be futile. This is not a case in which claimants allege a mere deviation from the applicable regulations in their particular administrative proceedings. Rather, these claimants assert that the Secretary's system-wide policy is inconsistent with statutory requirements in critically important ways. Nor does the policy depend on the particular facts of the case before it; rather the policy is challenged precisely because it ignored the facts. *See Bowen v. City of New York, supra*, 476 U.S. at 484–85, 106 S.Ct. at 2032–33; *Wilkerson v. Bowen, supra*, 828 F.2d at 122.

The Secretary spends much effort arguing that, unlike the challenged policy in *Bowen v. City of New York*, the policy here was "published" since it appeared in the POMS.[20] Whether the policy set forth in the POMS is "published" is an issue that strikes at the very heart of this case; it is also an issue that may turn on the factual record. *See e.g., supra*, n. 5. It is not an issue that can be decided now.[21]

**18.** Even under the new policy, a claimant's Statement of Need must be submitted in a timely fashion; otherwise, the request for continued benefits will be denied.

**19.** The Secretary's revised policy does not offer any new type of assistance under this section.

**20.** Defendant Secretary also relies heavily on *Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988), a case challenging the Secretary of Labor's regulations regarding black lung benefits. *Pittston Coal Group* is not persuasive. The portions cited by defendant dealt with a statute of limitations issue, not the exhaustion rule. *See Pittston Coal Group v. Sebben, supra*, 488 U.S. at 123, 109 S.Ct. at 425. Exhaustion was not an issue in the case.

The Court declines to exercise mandamus jurisdiction under 28 U.S.C. § 1361[22] as plaintiffs have adequate administrative and judicial remedies. Mandamus will lie only when no adequate alternative remedy is available. *Fairview Tp., York County v. United States E.P.A.*, 773 F.2d 517, 528 (3rd Cir.1985); *Nora Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1181 (9th Cir.1983); *Grant v. Hogan*, 505 F.2d 1220, 1225 (3rd Cir.1974); *but see Kuehner v. Schweiker*, 717 F.2d 813 (3rd Cir.1983), *vacated and remanded on other grounds, Heckler v. Kuehner*, 469 U.S. 977, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984) (subject matter jurisdiction found under both 42 U.S.C. § 405(g) and 28 U.S.C. § 1361).

## IV. *Venue*

Venue in a class action suit is proper for the entire class if it is proper for the named plaintiffs. *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1129–30 (2nd Cir. 1974), *cert. denied*, 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975); *Appleton Elec. Co. v. Advance–United Expressways*, 494 F.2d 126, 139–40 (7th Cir.1974); 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, § 1757, p. 91. Here, the named plaintiffs reside in Delaware. *Complaint*, pars. 3, 4. Accordingly, the Secretary's venue challenge fails.[23]

## V. *Conclusion*

For the above-stated reasons, defendant's motion to dismiss is denied. An Order will issue in accordance with this Opinion.

**21.** Contrary to defendant's claims, *Pittston Coal Group, supra*, 488 U.S. 105, 109 S.Ct. 414, and *Bailey v. Sullivan, supra*, 885 F.2d 52, do not dispose of the issue. Those cases involved challenges to published *regulations* whereas this case does not.

**22.** Section 1361 provides that

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or any agency or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

**23.** The Secretary appears to concede that venue is proper as the Reply Brief does not even mention the issue.

## ON MOTION TO ALTER OR AMEND

### ORDER

Having considered plaintiffs' motion to alter or amend judgment and, the Secretary having apparently conceded that amendment is appropriate,* plaintiffs' motion is hereby GRANTED. The Court's Opinion of February 6, 1991 is amended to the extent that it stated that plaintiff Dunn did not seek review by the Appeals Council. *See Opinion,* dated February 6, 1991, pp. 4, 6. The parties apparently agree that Mr. Dunn did seek such administrative review.

---

* In briefing its motion to dismiss, defendant represented that plaintiff Dunn did not request the Appeals Council to review the Administrative Law Judge's decision. *Defendant's Brief in Support of Motion to Dismiss,* pp. 6, 10. Defendant, however, has not opposed plaintiff's motion to alter or amend.