Ronnie Lee ANDERSON

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.

No. 1:91–CV–0812.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 10, 1992.

Shimon Kaplan, East Texas Legal Services, Beaumont, Tex., for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## ORDER

COBB, District Judge.

Ronnie Lee Anderson, a disabled individual who receives Supplemental Security Income (SSI) benefits, challenges the method used by the Social Security Administration (SSA) to calculate the amount of SSI benefits for the first three months of his eligibility for SSI. The defendant, the Secretary of Health and Human Services (the Secretary), moves to dismiss this action for lack of subject matter jurisdiction on the ground that Anderson failed to exhaust his administrative remedies.

## FACTS

In May 1991, Anderson was employed by Wyatt's Cafeteria in Beaumont, Texas. On May 20, 1991, Anderson applied for disability benefits from the Social Security Administration, claiming he was disabled because he was infected with HIV, the virus which causes AIDS. By letter dated July 18, 1991, the SSA notified Anderson that his application for disability benefits was approved and that he is entitled to SSI benefits beginning on May 20, 1991.

The SSA calculated the amount of SSI benefits for Anderson using the Retrospective Monthly Accounting (RMA) method prescribed by the Secretary in 20 C.F.R. § 416.420(b). According to that method, income received during the first month of eligibility is used to calculate the amount of benefits due in the first, second, and third month of eligibility, even if such income is nonrecurring, is not received during the second and third month of eligibility, and even if the SSA has reliable information to that effect.

The standard SSI benefit rate in 1991 was $407.00 per month. Anderson received $86.52 in SSI benefits for May 1991; $223.51 in SSI benefits for June 1991, $223.51 in SSI benefits for July 1991; and $407.00 per month in SSI benefits beginning in August 1991. The benefits for May, June, and July, 1991, were reduced because in May 1991, before he became disabled, Ronnie Anderson had worked and earned $451.99. The amount of SSI benefits for May 1991 ($86.52) was the result of prorating the monthly benefits of $223.51 for the period May 20 through May 31.

Had Ronnie Anderson applied for benefits on June 1, 1991, he would have received no benefits for May 1991, and his SSI benefits for June and July 1991 would have totaled $814.00 (since he received no income during these months). Because Anderson applied on May 20, 1991, he received $533.54 for May, June, and July.

Without pursuing administrative remedies, Anderson filed this action seeking to invalidate the RMA policy of the SSA and to compel the Secretary to recalculate the SSI benefits for the months of May, June, and July of 1991.

The Secretary now moves this court to dismiss this action on the ground that Ronnie Anderson must exhaust his remedies

within the SSA before seeking relief from this court.

## DISCUSSION

The SSI program, which was established by Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and is administered by the SSA, provides benefits to indigent aged, blind, and disabled persons. *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Its purpose is to provide a minimum amount of income for the aged, blind, and disabled so as to enable those needy individuals to meet their basic needs. *Beckless v. Heckler*, 622 F.Supp. 715 (N.D.Ill.1985).

Under the Social Security Act, the amount of SSI benefits is to be calculated using the Retrospective Monthly Accounting (RMA) method. 42 U.S.C. § 1382(c) (1991). The general RMA rule is that the amount of SSI benefits for any month "shall be determined for such month on the basis of income and other characteristics in the ... second month preceding such month." 42 U.S.C. § 1382(c)(1) (1991). This general rule governs the calculation of the amount of SSI benefits due an individual for the third and subsequent months after the individual qualifies for benefits.

The calculation of SSI benefits for the first and second months of eligibility shall be determined "on the basis of the income ... and other relevant circumstances" of the recipient in the first month of eligibility. 42 U.S.C. § 1382(c)(4)(A) (1991). The Secretary, in his regulations purporting to implement the statutory RMA provisions, 20 C.F.R. § 416.420(b), has taken the position that the fact that income is received only during the first month of eligibility is to be ignored since it is neither a "characteristic" nor a "relevant circumstance." Plaintiff asserts that the regulations are invalid because they do not take into account a relevant circumstance nor a characteristic as required by the Act. Furthermore, "if the Secretary determines that reliable information is currently available with respect to the income and other circumstances of an individual for a month ..., the benefit amount ... for such month

may be determined on the basis of such information," 42 U.S.C. § 1382(c)(4)(A) (1991), and "[t]he Secretary shall prescribe by regulation the circumstances in which [reliable and currently available] information ... may be taken into account ... in determining benefit amounts." 42 U.S.C. § 1382(c)(4)(B) (1991). The Secretary has not issued any such regulations, having determined that "no reliable information which is currently available and is administratively feasible to use exists." 56 Fed. Reg. 14268 (April 8, 1991). Plaintiff asserts that the Secretary has failed to comply with a mandatory duty imposed by the Act.

■ A claimant who is dissatisfied with the initial determination of, for example, the amount of his benefits, is afforded a three-stage administrative review process:
1. a *de novo* reconsideration;
2. a hearing before an Administrative Law Judge; and
3. a review by the Appeals Council.

Proceeding through these three stages exhausts the claimant's administrative remedies. *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

### *Judicial Review*

Judicial review of "any final decision" of the Secretary can be obtained in federal court. 42 U.S.C. § 405(g) (1991) (made applicable to SSI cases by 42 U.S.C. § 1383(c) (1991)).

■ The "final decision" requirement of Section 405(g), as interpreted by the Supreme Court, consists of two elements. The first element requires that a claim for benefits be presented to the Secretary. The presentment requirement is jurisdictional and may not be waived. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The second element is the requirement that the claimant exhaust the administrative remedies prescribed by the Secretary. The exhaustion requirement is not jurisdictional in nature and may be waived by the Secretary. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), or by the courts, *Math-*

ews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

■ In order for the court to waive the exhaustion requirement, a claimant must satisfy a three-part test:

1. the claim at issue must be collateral to a substantive claim of entitlement to benefits;

2. the claimant makes a colorable showing that requiring him to exhaust his administrative remedies would cause him an irreparable injury which retroactive payment of benefits cannot remedy; and

3. the claimant can show that exhaustion of administrative remedies would be futile.

*Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir. 1991); *State of New York v. Sullivan*, 906 F.2d 910 (2d Cir.1990); *Cassim v. Bowen*, 824 F.2d 791 (9th Cir.1987).

## A. *Presentment*

Plaintiff has submitted his claim for disability benefits to the SSA and the SSA had ruled on his claim. Submission of a claim for the benefits to the Secretary satisfies the presentment element of the final decision requirement. *Mathews v. Eldridge*, 424 U.S. at 328, 96 S.Ct. at 899; *State of New York v. Sullivan*, 906 F.2d 910 (2d Cir.1990); *Dunn v. Sullivan*, 758 F.Supp. 210 (D.Delaware 1991).

## B. *Waiver of Exhaustion of Administrative Remedies*

■ Since plaintiff has met the nonwaivable jurisdictional requirements of 42 U.S.C. § 405(g) (1991), the court must consider whether the exhaustion of administrative remedies should be waived in this case.

### 1. *Plaintiff's Claim in this Action is Collateral to His Substantive Claim of Entitlement to Benefits*

Plaintiff's claim is clearly collateral to his substantive claim of entitlement to benefits. Plaintiff's substantive claim of enti-

tlement to disability SSI benefits has been allowed by the Secretary, and he receives such benefits; thus, this action has nothing to do with plaintiff's entitlement to such benefits. In this lawsuit, plaintiff is primarily seeking a determination of the proper procedures for calculating the amount of benefits due him during the first three months of eligibility, not an award of benefits.

Where a plaintiff asserts that a policy or regulation of the SSA is invalid as being in conflict with the Constitution or the Social Security Act, his claim is collateral; where a plaintiff asserts that a policy or regulation has been incorrectly applied to his claim for benefits, he is asserting a substantive claim of entitlement to benefits. The fact that the challenged policy had the effect of denying benefits does not transform a procedural challenge into a substantive claim of entitlement. *See Dunn v. Sullivan*, 758 F.Supp. 210 (D.Delaware 1991) (citing cases); *see also State of New York v. Sullivan*, 906 F.2d 910 (2d Cir. 1990); *Johnson v. Sullivan*, 922 F.2d 346 (7th Cir.1990); *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir.1991); *Jensen v. Schweiker*, 709 F.2d 1227, 1229 (8th Cir.1983).

In the case at bar, plaintiff is not claiming that the RMA policy as set out in the regulation had been improperly applied to his claim for benefits. Rather, plaintiff claims that the RMA policy, as set out in the regulation, has been properly applied but is invalid because it conflicts with the Social Security Act.

### 2. *Plaintiff Made a Colorable Showing that He Would Be Irreparably Injured Were He Required to Exhaust His Administrative Remedies*

Plaintiff has made at least a colorable showing that he would be irreparably injured were he required to exhaust his administrative remedies.

The three-step review process provided by the SSA is time consuming and time is something plaintiff may not have. Plaintiff is infected with HIV, the virus that causes AIDS; his life expectancy is proba-

bly rather short.[1] The need for a speedy resolution in a case such as this is obvious if the plaintiff, rather than his estate, is to obtain the benefit of a favorable decision. Remitting plaintiff to his administrative remedies may exhaust more than the administrative remedies provided by the SSA; it may exhaust most of plaintiff's remaining life span.

Because of his illness, plaintiff also needs to avoid stress,[2] and the ordeal of having to go through the administrative appeal process may trigger a medical setback. *See Bowen v. City of New York*, 476 U.S. at 483–484, 106 S.Ct. at 2031–2032; *Cf. Reed v. Heckler*, 756 F.2d 779 at 783 (10th Cir.1985).

Under these circumstances, the court finds that plaintiff would be irreparably injured were he required to exhaust his administrative remedies.

### 3. *Exhaustion of Administrative Remedies Would be Futile*

The Secretary has promulgated regulations purportedly implementing the RMA provisions of the Social Security Act. Plaintiff asserts that these regulations are in violation of the Act. The administrative remedies available to plaintiff cannot be used to invalidate these regulations. *See Weinberger v. Sulfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Furthermore, in April 1991, the Secretary declined to promulgate regulations required by 42 U.S.C. § 1382(c)(4)(B) (1991). 56 Fed.Reg. 14268 (1991). The Secretary has taken a final position on the validity of his RMA regulations and the administrative appeal process cannot provide plaintiff with any relief. Exhaustion of administrative remedies would be futile where the Secretary's position is firm, and further administrative appeal would prove unavailing. *Beckless v. Heckler*, 622 F.Supp. 715 (N.D.Ill.1985). This standard is satisfied in the case at bar.

### 4. *The Courts in Similar Cases Have Not Required Plaintiffs to Exhaust Their Administrative Remedies*

This case is not the first in which the RMA regulations and policies of the SSA are being challenged in federal courts. In *Gould v. Sullivan*, 131 F.R.D. 108 (S.D.Ohio 1989), the income from Aid to Families with Dependent Children (AFDC) benefits was received only during the first month of eligibility for SSI and used to calculate benefits for the first, second, and third months. The plaintiffs in that case asserted that the Secretary violated the Social Security Act, 42 U.S.C. § 1382(c)(4)(B) (1991) by failing to promulgate regulations implementing the "reliable information" exception. Similar to the case at bar, the Secretary in that case moved to dismiss for failure to exhaust administrative remedies. The court overruled the motion, finding that the plaintiff had represented their claims and that exhaustion is not required in a case such as this where it would be futile and would not serve any of the purposes underlying the exhaustion requirement. Thus, a court in a similar case did not require the plaintiffs to exhaust their administrative remedies.

### CONCLUSION

For the above stated reasons, the Secretary's Motion to Dismiss is DENIED.

---

**1.** Most people with AIDS die within two and a half years of diagnosis. Paul Albert, *et al*, AIDS Practice Manual, a Legal and Educational Guide (National Lawyers Guild AIDS Network, 3d ed. 1991). Approximately 9.7% of people with AIDS survive three years or more. Michael Callen, Surviving AIDS (1990).

**2.** Stress is a factor in numerous diseases, including AIDS, because it affects the immune system. M. Delaney and P. Goldblum, Strategies for Survival (1987).